MCKOY LAW FIRM, LLC
Tamika T. McKoy, Esquire
Attorney ID No. 201276
523 Cooper Street, Suite 200
Camden, New Jersey 08102
Tel. (856) 720-0777
Fax. (856) 270-7711
Email: info@mckoylawfirm.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOVANNY VAZQUEZ,<br><br>Defendant. | DOCKET NO. 2:22-CR-130 (RBS)<br><br>CRIMINAL ACTION<br><br>MOTION TO CORRECT<br>JAIL CREDITS |

TO: ROBERT E. ECKERT, AUSA
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLEASE TAKE NOTICE that on a date to be set by the Court the undersigned Tamika T. McKoy, Esquire hereby moves before the HON. R. BARCLAY SURRICK, U.S.D.C.J. at the U.S.D.C. for the Eastern District of Pennsylvania for an Order correcting the jail credits awarded in accordance with the Courts sentence.

The defendant shall rely upon oral argument and the attached letter brief submitted in support thereof.

Thank you in advance for your anticipated courtesies regarding this matter.

Respectfully submitted,

*s/ Tamika McKoy*

Dated: November 25, 2025

TAMIKA T. McKOY, ESQUIRE

TTM/bo

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOVANNY VAZQUEZ, Defendant. | DOCKET NO. 2:22-CR-130 (RBS) CRIMINAL ACTION **ORDER** |

**THIS MATTER**, having been opened before this Court by motion of Tamika McKoy, Esquire, attorney on behalf of defendant, JOVANNY VAZQUEZ, and the Government being represented by Robert E. Eckert, AUSA., and after a hearing thereon, it is hereby ORDERED and DECREED that defendant's Motion to correct jail credits is hereby GRANTED.

**FURTHERMORE**, it is ORDERED that defendant's Commitment shall be amended to reflect the following jail credits awarded:

Defendant shall receive 987 days of lawful jail credits for time served at the Federal Detention Center prior to sentencing. Specifically, jail credits shall be issued from February 07, 2022 until October 22, 2024, when he was sentenced by this Court.

BY THE COURT:

______________________________
HON. R. BARCLAY SURRICK, U.S.D.C.J.

McKOY LAW
A Limited Liability Company

523 COOPER STREET
SUITE 200
CAMDEN, NJ 08102
MCKOYLAWFIRM.COM

TELE: (856) 343-4800
FAX: (856) 270-7711
FIRM EMAIL:
INFO@MCKOYLAWFIRM.COM

TAMIKA T. MCKOY - NJ & PA

**Honorable Barclay Surrick**
United States District Court
Eastern District of Pennsylvania
8614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

25 November 2025

Re: **USA v. Jovanny Vazquez**
Docket No. 22 CR 130-001

Dear Judge Surrick,

I am writing on behalf of my client, **Mr. Jovanny Vazquez**, to respectfully move the Court to correct the federal sentence computation to accurately reflect his jail credit.

The defendant was arrested and taken into state custody on January 5, 2022. On February 7, 2022, the defendant was transferred to federal custody, and the state court matter was withdrawn. Although there were two probation violations pending in state court, the defendant was held in custody on the federal matter, not for the state court probation violations.

The defendant was sentenced in federal court on October 22, 2024, by Judge Surrick. The federal sentence consisted of a 30-month term with three years of supervised release for possession of a firearm by a felon under 18 U.S.C. § 922(g), and a consecutive 30-month term with five years of supervised release for a violation of.

Subsequently, on November 18, 2024, the defendant was sentenced in state court to credit for time served from January 15, 2022 with that sentence running concurrently with the federal sentences. See Exhibit A State Court Sentence Docket at page 4.

In the federal sentence computation, attached as Exhibit B, the defendant was awarded jail credit from January 5, 2024, through December 10, 2024. This appears to be a clerical error, as the defendant was in custody beginning January 5, 2022. The case is within the jurisdiction of the Third Circuit.

The defendant seeks correction of two errors in his federal sentence computation. First, the Bureau of Prisons (BOP) made a clerical error by recording the start date of the defendant's custody as January 5, 2024, instead of the correct date of January 5, 2022. This type of typographical error in dates is precisely the kind of clerical mistake

that Federal Rule of Criminal Procedure 36 is designed to address. Second, the defendant is entitled to federal jail credit for the period from January 5, 2022, to February 7, 2022, when he was in state custody before being transferred to federal custody. Under 18 U.S.C. § 3585(b), this time should be credited toward his federal sentence because the state charges were withdrawn upon his transfer to federal custody, effectively relinquishing state primary jurisdiction, and the subsequent state sentence of "credit for time served" running concurrently with the federal sentence indicates that this time was not credited against another sentence within the meaning of § 3585(b).

The current computation erroneously awards credit beginning January 5, 2024, rather than the correct date of January 5, 2022, when the defendant was first taken into state custody. This clerical error unjustly deprives the defendant of nearly two years of credit for time served prior to his federal sentencing. Moreover, the defendant is entitled to credit for the period from January 5, 2022 to the date of his federal sentence, October 22, 2024.

For these reasons, and as supported by controlling Third Circuit precedent and federal statutory law, the Court should grant this motion to correct the sentence computation and ensure the defendant receives full credit for all time served.

## A. THE COURT SHOULD CORRECT THE CLERICAL ERROR IN THE SENTENCE COMPUTATION UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 36

### 1. Legal Standard for Correcting Clerical Errors

Federal Rule of Criminal Procedure 36 empowers the court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." USCS Fed Rules Crim Proc R 36. The court's authority under Rule 36 is limited to the correction of clerical errors in the judgment. United States v. Bennett, 423 F.3d 271 (3d Cir. 2005). A clerical error involves a failure to accurately record a statement or action by the court or one of the parties. Ibid.

Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge. United States v. Bennett, 423 F.3d at 271 (3d Cir. 2005). However, courts have also used Rule 36 to correct other types of clerical errors in judgments and sentence computations. For example, in Cherry v. United States, the court properly granted an application under Rule 36 to change "September 30, 1994" to "March 30, 1993" as the "date offense concluded" in the judgment because the defendant sought merely correction of a clerical error, which

did not change the internal structure of his sentence. USCS Fed Rules Crim Proc R 35.

A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Pasley, 800 F. App'x 92 (3d Cir. 2020). Rule 36 cannot be used to make substantive changes in a defendant's sentence. United States v. Bennett, 423 F.3d 271 (3d Cir. 2005). The distinction between clerical and substantive errors is critical, as Rule 36 provides only a strictly limited authority to correct the court's judgment or order. Id.

**2. The Error in Dates Constitutes a Correctable Clerical Error**

The error in the defendant's sentence computation—listing January 5, 2024, instead of January 5, 2022, as the start date for custody credit—clearly constitutes a clerical error that falls within the scope of Rule 36. This is a straightforward typographical error in recording the year (2024 instead of 2022) that does not involve any substantive legal determinations.

This type of error—a simple transposition of dates—is precisely the kind of clerical mistake that Rule 36 is designed to address. The error does not involve a substantive legal determination about the application of the law but rather a straightforward mistake in recording the correct dates.

The error is analogous to the one corrected in United States v. Mojabi, 161 F. Supp. 2d 33 (D. Mass 2001) the court corrected a commitment order to indicate imprisonment of 55 months rather than 70 months, finding that "failure to record that grant of credit ought to be attributed to clerical error which may properly be corrected via FRCrP 36." USCS Fed Rules Crim Proc R 36.

**3. The Necessity of Correcting the Error**

Under 18 U.S.C. § 3585(b), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" that has not been credited against another sentence. 18 USCS § 3585. This statutory provision ensures that defendants receive appropriate credit for time served in custody prior to sentencing.

The clerical error in the defendant's sentence computation, if left uncorrected, would deprive him of approximately two years of credit for time served—from January 5, 2022, to January 5, 2024. This would result in the defendant serving substantially more time than intended by the sentencing court.

While the Attorney General, through the Bureau of Prisons, is responsible for computing credit for time served after the defendant begins his sentence, United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351 (1992), the court has the authority to correct clerical errors in the judgment that affect this computation. The error in this case is not a matter of the Bureau of Prisons' computation but rather a clerical error in recording the correct dates of custody.

## B. THE DEFENDANT IS ENTITLED TO FEDERAL JAIL CREDIT FOR TIME SPENT IN STATE CUSTODY FROM JANUARY 5, 2022, TO JANUARY 7, 2022.

### 1. Statutory Framework for Credit for Prior Custody

Under 18 U.S.C. § 3585(b), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" that resulted from either "the offense for which the sentence was imposed" or "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," provided that the time "has not been credited against another sentence." 18 USCS § 3585.

The Attorney General, acting through the Bureau of Prisons (BOP), is responsible for computing sentence credits "as an administrative matter when imprisoning the defendant." Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). The Supreme Court has confirmed that the computation of credit must occur after the defendant begins his sentence, not at sentencing. United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351 (1992). However, when the BOP fails to properly calculate credits, judicial intervention is appropriate.

### 2. The Primary Custody Doctrine and Its Application to This Case

The "primary custody" doctrine determines which sovereign—state or federal—has priority over a defendant. Primary jurisdiction is generally determined by which sovereign first obtains custody of, or arrests, the person. United States v. Cole, 416 F.3d 894 (8th Cir. 2005). This primary jurisdiction continues until the first sovereign relinquishes its priority, which can occur through: (1) release on bail, (2) dismissal of charges, (3) parole, or (4) expiration of sentence. Id.

In this case, the defendant was initially arrested and taken into state custody on January 5, 2022. On February 7, 2022, he was transferred to federal custody, and

significantly, the state court matter was withdrawn. This withdrawal of state charges constitutes a dismissal of charges, which is one of the recognized ways a sovereign can relinquish primary jurisdiction. United States v. Cole, 416 F.3d 894 (8th Cir. 2005).

The sovereign with primary custody is entitled to have the defendant serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. Bevard v. Bergami, No. 21-2410 (RMB), 2022 U.S. Dist. LEXIS 103183 (D.N.J. June 9, 2022). However, when state charges are dismissed, the state effectively relinquishes its primary jurisdiction. Taccetta v. Fed. Bureau of Prisons, 606 F. App'x 661 (3d Cir. 2015).

Unlike situations where a defendant remains in service of a state sentence while temporarily transferred to federal custody via a writ, here the defendant was not in custody "solely because of the pending federal charges" but rather because the state charges were withdrawn. Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000). The withdrawal of state charges fundamentally alters the analysis of primary custody.

For the foregoing reasons, Defendant respectfully requests that this Court grant his motion to correct the federal sentence computation by:

(1) amending the jail credit start date from January 5, 2022, to October 20, 2024correct the clerical error under Federal Rule of Criminal Procedure 36, and

(2) awarding credit for the time spent in federal custody from January 5, 2022 to January 7, 2022 pursuant to 18 U.S.C. § 3585(b), given the withdrawal of state charges and the concurrent state "time served" sentence.

Respectfully submitted,

Tamika McKoy, Esquire

Cc: Robert Eckert, AUSA
Jovanny Vazquez, Client

# Exhibit A

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## CASE INFORMATION

Judge Assigned: Clemons, Lucretia
Date Filed: 04/17/2017
Initiation Date: 04/17/2017
OTN: U 066950-2
LOTN:
Originating Docket No: MC-51-CR-0003815-2017
Initial Issuing Authority: Henry Lewandowski 3rd
Final Issuing Authority:
Arresting Agency: Philadelphia Pd
Arresting Officer: Harron, Charles M. III
Complaint/Citation No.: 1725011213-0003815
Incident Number: 1725011213
County: Philadelphia
Township: Philadelphia City

| Case Local Number Type(s) | Case Local Number(s) |
|---|---|
| Originating Docket Number | MC-51-CR-0003815-2017 |
| District Control Number | 1725011213 |
| Originating Document Number | 1725011213-0003815 |

## RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Related** | | | |
| CP-51-MD-0001612-2019 | In Re: Vezquez, Jovanny | CP-01-51-Crim | Related |

## STATUS INFORMATION

Case Status: Closed

Arrest Date: 02/09/2017

| Status Date | Processing Status |
|---|---|
| 11/18/2024 | Completed |
| 11/18/2024 | Awaiting Violation of Probation Hearing |
| 10/25/2024 | Awaiting Violation of Probation Hearing |
| 08/03/2022 | VOP/Continued to Further Notice |
| 01/18/2022 | Awaiting Violation of Probation Hearing |
| 09/13/2017 | Sentenced/Penalty Imposed |
| 09/13/2017 | Awaiting Sentencing |
| 05/18/2017 | Awaiting Trial |
| 04/27/2017 | Awaiting Pre-Trial Conference |
| 04/21/2017 | Awaiting Formal Arraignment |
| 04/17/2017 | Awaiting Filing of Information |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 04/27/2017 | 11:00 am | 1104 | Trial Commissioner Michael Sanuck2 | Scheduled |
| Pre-Trial Conference | 05/18/2017 | 9:00 am | 905 | Judge Scott DiClaudio | Scheduled |
| Trial | 06/21/2017 | 9:00 am | 904 | Judge Pamela Pryor Dembe | Cancelled |
| Trial | 06/21/2017 | 9:00 am | 604 | Judge Lucretia Clemons | Continued |
| Trial | 08/10/2017 | 9:00 am | 604 | Judge Lucretia Clemons | Continued |
| Trial | 09/08/2017 | 9:00 am | 604 | Judge Lucretia Clemons | Continued |
| Trial | 09/13/2017 | 9:00 am | 604 | Judge Lucretia Clemons | Scheduled |
| Payment Plan Conference | 04/03/2018 | 1:00 pm | 378 | | Scheduled |
| Gagnon I Hearing | 01/12/2022 | 10:00 am | 1004 | Trial Commissioner De'Angelo Harris-Rosa | Moved |
| Gagnon I Hearing | 01/14/2022 | 10:00 am | 1004 | Trial Commissioner De'Angelo Harris-Rosa | Scheduled |
| Violation of Probation | 01/26/2022 | 9:00 am | 802 | Judge Lucretia Clemons | Continued |
| Violation of Probation | 04/13/2022 | 9:00 am | 802 | Judge Lucretia Clemons | Continued |
| Violation of Probation | 07/20/2022 | 9:00 am | 802 | Judge Lucretia Clemons | Moved |
| Violation of Probation | 08/03/2022 | 9:00 am | 802 | Judge Lucretia Clemons | Scheduled |
| Violation of Probation | 11/01/2024 | 9:00 am | 802 | Judge Lucretia Clemons | Continued |
| Violation of Probation | 11/14/2024 | 9:00 am | 802 | Judge Lucretia Clemons | Scheduled |
| Waiver Trial | 11/18/2024 | 9:00 am | 802 | Judge Lucretia Clemons | Cancelled |
| Violation of Probation | 11/18/2024 | 9:00 am | 802 | Judge Lucretia Clemons | Scheduled |

## DEFENDANT INFORMATION

| Date Of Birth: | 03/15/1994 | City/State/Zip: | Philadelphia, PA 19120 |
|---|---|---|---|

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Probation Officer | Browne, Amber |
| Defendant | Vazquez, Jovanny |
| Probation Officer | Proud, Kaelin |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## BAIL INFORMATION

**Vazquez, Jovanny**

**Nebbia Status: None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 02/10/2017 | Monetary | Municipal Court | 10.00% | $15,000.00 |
| Change Bail Type | 03/30/2017 | Unsecured | Municipal Court | | $15,000.00 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F | **35 § 780-113 §§ A30** | Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver | 02/09/2017 | U 066950-2 |

## DISPOSITION SENTENCING/PENALTIES

Disposition
Case Event
Sequence/Description
Sentencing Judge
Sentence/Diversion Program Type
Sentence Conditions

Disposition Date
Offense Disposition
Sentence Date
Incarceration/Diversionary Period

Final Disposition
Grade Section
Credit For Time Served
Start Date

**Lower Court Proceeding (generic)**

Preliminary Hearing — 04/13/2017 — Not Final

1 / Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver — Held for Court — F — 35 § 780-113 §§ A30

**Proceed to Court** Defendant Was Not Present

Information Filed — 04/21/2017 — Not Final

1 / Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver — Held for Court — F — 35 § 780-113 §§ A30

**Guilty Plea - Negotiated**

Trial — 09/13/2017 — Final Disposition

1 / Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver — Guilty Plea - Negotiated — F — 35 § 780-113 §§ A30

Clemons, Lucretia — 09/13/2017

Confinement

Min of 11.00 Months 15.00 Days
Max of 23.00 Months
11 1/2 - 23 months

Credit to be calculated by the Phila. Prison System
The defendant is eligible for a re-entry plan.
Presentence and Mental Health Reports waived

Probation

Max of 4.00 Years
4 years

Defendant to be supervised under the Mental Health Unit.
To submit to random drug screens.
To participate in a public or non-profit community service program for 100 hours
Defendant is to pay imposed mandatory court costs.





Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## DISPOSITION SENTENCING/PENALTIES

Disposition
Case Event
Sequence/Description
Sentencing Judge
Sentence/Diversion Program Type
Sentence Conditions

Disposition Date
Offense Disposition
Sentence Date
Incarceration/Diversionary Period

Final Disposition
Grade Section
Credit For Time Served
Start Date

Clemons, Lucretia — 11/18/2024
Confinement — Min of 1.00 Years
Max of 2.00 Years
1 year - 2 years

Time Credit from 1/15/2022.
Sentence is to run concurrent to Federal matter 2022-CR-00130 RBS.
Remaining charges disposed of.

Any outstanding Court Cost remain.

**LINKED SENTENCES:**

**Link 2**
CP-51-CR-0003285-2017 - Seq. No. 1 (35 § 780-113 §§ A30) - Confinement is Concurrent with
- Link 1

**Link 1**
CP-51-CR-0000694-2013 - Seq. No. 1 (35 § 780-113 §§ A30) - Confinement is Concurrent with
CP-51-CR-0000694-2013 - Seq. No. 2 (35 § 780-113 §§ A30) - Confinement

## COMMONWEALTH INFORMATION

Name: Philadelphia County District Attorney's Office
Prosecutor
Supreme Court No:
Phone Number(s):
215-686-8000 (Phone)
Address:
3 South Penn Square
Philadelphia, PA 19107

## ATTORNEY INFORMATION

Name: Tamika T. McKoy
Private
Supreme Court No: 201276
Rep. Status: Active
Phone Number(s):
856-343-4800 (Phone)
Address:
McKoy Law Firm LLC
523 Cooper St Ste 200
Camden, NJ 08102

Representing: Vazquez, Jovanny

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/17/2017 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1<br>Information Filed | 04/21/2017 | | Martin, Kathleen |
| 1<br>Defendant to Retain Counsel | 04/27/2017 | | Sanuck, Michael |
| 4<br>Hearing Notice | 04/27/2017 | | Court of Common Pleas - Philadelphia County |
| 5<br>Hearing Notice | 04/27/2017 | | Court of Common Pleas - Philadelphia County |
| 3<br>Hearing Notice | 05/18/2017 | | Court of Common Pleas - Philadelphia County |
| 7<br>Hearing Notice | 05/18/2017 | | Court of Common Pleas - Philadelphia County |
| 8<br>Pre-Trial Conference Held | 05/18/2017 | | DiClaudio, Scott |
| 4<br>Commonwealth Request For Continuance Discovery Incomplete | 06/21/2017 | | Clemons, Lucretia |
| 5<br>Commonwealth Request For Continuance Police Officer Sick/IOD | 08/10/2017 | | Clemons, Lucretia |
| 1<br>Defense Request For Continuance For Possible Plea | 09/08/2017 | | Clemons, Lucretia |
| 1<br>Guilty Plea - Negotiated | 09/13/2017 | | Clemons, Lucretia |
| 2<br>DL-21D to be Prepared | 09/13/2017 | | Feder, Eric |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docker Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3<br>Order - Sentence/Penalty Imposed | 09/13/2017 | | Clemons, Lucretia |
| 4<br>Penalty Assessed | 09/13/2017 | | Court of Common Pleas - Philadelphia County |
| 5<br>Court Commitment State or County Correctional Institution | 09/13/2017 | | Court of Common Pleas - Philadelphia County |
| 6<br>DL-21D was prepared | 09/13/2017 | | Feder, Eric |
| 7<br>Motion for Parole | 09/13/2017 | | Savino, Louis |
| 1<br>DL-21D Sent to PennDOT | 09/14/2017 | | Unknown Filer |
| 1<br>Order Granting Motion for Parole | 09/28/2017 | | Clemons, Lucretia |
| 1<br>Entry of Civil Judgment | 11/14/2017 | | Allen, Jacqueline F. |
| 1<br>Payment Plan/Financial Information Submitted | 04/03/2018 | | Philadelphia County Office of Court Compliance |
| 2<br>Hearing Notice | 12/18/2019 | | Court of Common Pleas - Philadelphia County |
| 1<br>Gagnon 1 Summary Filed | 01/10/2022 | | Philadelphia County Adult Probation Unit |
| 2<br>Detainer Issued | 01/12/2022 | | McSorley, Richard T. |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

Docket Number: CP-51-CR-0003285-2017

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 Order Granting Motion for Continuance | 01/12/2022 | | Harris-Rosa, De'Angelo |
| 1 Order Denying Motion to Remove Detainer | 01/14/2022 | | Harris-Rosa, De'Angelo |
| 3 Hearing Notice | 01/18/2022 | | Court of Common Pleas - Philadelphia County |
| 1 Gagnon 2 Summary Filed | 01/21/2022 | | Philadelphia County Adult Probation Unit |
| 1 Entry of Appearance | 01/26/2022 | | |
| 2 VOP Continued To Date Certain | 01/26/2022 | | Clemons, Lucretia |
| 3 Commitment Philadelphia Department of Prisons 01/26/2022 | 01/26/2022 | | Court of Common Pleas - Philadelphia County |
| 7 Entry of Appearance | 01/26/2022 | | McKoy, Tamika T. |
| 1 Gagnon 2 Summary Filed | 04/07/2022 | | Philadelphia County Adult Probation Unit |
| 4 VOP Continued To Date Certain | 04/13/2022 | | Clemons, Lucretia |
| 5 Commitment | 04/13/2022 | | Court of Common Pleas - Philadelphia County |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3<br>Hearing Notice | 06/30/2022 | | Court of Common Pleas - Philadelphia County |
| 1<br>Gagnon 2 Summary Filed | 07/14/2022 | | Philadelphia County Adult Probation Unit |
| 1<br>Gagnon 2 Summary Filed | 07/27/2022 | | Philadelphia County Adult Probation Unit |
| 1<br>VOP Continued Until Further Notice<br>McKoy, Tamika T.<br>08/03/2022<br>Philadelphia County District Attorney's Office<br>08/03/2022<br>Philadelphia Department of Prisons<br>08/03/2022 | 08/03/2022<br><br><br>Oral Service in Court<br><br><br>Oral Service in Court<br><br>Hand Delivered (Personal) | | Clemons, Lucretia |
| 2<br>Commitment<br>Philadelphia Department of Prisons<br>08/03/2022 | 08/03/2022 | | Court of Common Pleas - Philadelphia County<br>Feder, Eric |
| 3<br>Hearing Notice | 10/25/2024 | | Court of Common Pleas - Philadelphia County |
| 1<br>Gagnon 2 Summary Filed | 10/29/2024 | | Philadelphia County Adult Probation Unit |
| 4<br>VOP Continued To Date Certain | 11/01/2024 | | Clemons, Lucretia |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0003285-2017**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## ENTRIES

| Sequence Number / Service To / Issue Date | CP Filed Date / Service Type | Document Date / Service By / Status Date | Filed By / Service Status |
|---|---|---|---|
| 5 | 11/01/2024 | | Clemons, Lucretia<br>Court of Common Pleas - Philadelphia County |
| Commitment | | | |
| Philadelphia County Sheriff's Office<br>11/01/2024 | | | |
| Philadelphia Department of Prisons<br>11/01/2024 | | | |
| 1 | 11/14/2024 | | Clemons, Lucretia |
| VOP Continued To Date Certain | | | |
| 4 | 11/18/2024 | | Clemons, Lucretia |
| Violation Penalties Imposed | | | |
| 6 | 11/18/2024 | | Clemons, Lucretia<br>Court of Common Pleas - Philadelphia County |
| Court Commitment State or County Correctional Institution | | | |
| Philadelphia County Sheriff's Office<br>11/18/2024 | | | |
| Philadelphia Department of Prisons<br>11/18/2024 | | | |

## PAYMENT PLAN SUMMARY

| Payment Plan No / Responsible Participant | Payment Plan Freq. | Next Due Date | Active / Suspended | Overdue Amt / Next Due Amt |
|---|---|---|---|---|
| 51-2013-P000005291<br>Vazquez, Jovanny | Monthly | 05/03/2018 | Yes<br>No | $910.00<br>$10.00 |

Payment Plan History:

| Receipt Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|
| 11/27/2012 | Payment | Vazquez, Jovanny | Defendant | $75.00 |
| 02/11/2014 | Payment | Vazquez, Jovanny | Defendant | $10.00 |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

Docket Number: CP-51-CR-0003285-2017
**CRIMINAL DOCKET**
Court Case

Commonwealth of Pennsylvania
v.
Jovanny Vazquez



## CASE FINANCIAL INFORMATION

Last Payment Date: 09/14/2017

Total of Last Payment: -$12.50

**Vazquez, Jovanny**
Defendant

| Costs/Fees | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| ATJ | $4.00 | $0.00 | $0.00 | $0.00 | $4.00 |
| Booking Center Fee (Philadelphia) | $175.00 | $0.00 | $0.00 | $0.00 | $175.00 |
| CJES | $2.25 | $0.00 | $0.00 | $0.00 | $2.25 |
| CQS Fee Felony (Philadelphia) | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $20.65 | $0.00 | $0.00 | $0.00 | $20.65 |
| County Court Cost (Act 204 of 1976) | $30.10 | $0.00 | $0.00 | $0.00 | $30.10 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| Criminal Lab Fee (Philadelphia) | $135.00 | $0.00 | $0.00 | $0.00 | $135.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| State Court Costs (Act 204 of 1976) | $13.75 | $0.00 | $0.00 | $0.00 | $13.75 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Motion Filing Fee (Philadelphia) | $12.50 | ($12.50) | $0.00 | $0.00 | $0.00 |
| Civil Judgment/Lien (Philadelphia) | $95.94 | $0.00 | $0.00 | $0.00 | $95.94 |
| Costs/Fees Totals: | $1,043.44 | ($12.50) | $0.00 | $0.00 | $1,030.94 |
| Grand Totals: | $1,043.44 | ($12.50) | $0.00 | $0.00 | $1,030.94 |

** - Indicates assessment is subrogated



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Exhibit B

DANDC 540*23 *
PAGE 001 *

SENTENCE MONITORING
COMPUTATION DATA
AS OF 02-26-2025

* 02-26-2025
* 13:44:04

REGNO..: 84934-509 NAME: VAZQUEZ, JOVANNY

FBI NO...........: 290524RD2
ARS1.............: DAN/A-DES
UNIT.............: 2 GP
DETAINERS........: NO

DATE OF BIRTH: 03-15-1994 AGE: 30

QUARTERS.....: R04-005U
NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 10-10-2027

THE INMATE IS PROJECTED FOR RELEASE: 04-08-2028 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

TIME CREDIT 1/15/22

COURT OF JURISDICTION...........: PENNSYLVANIA, EASTERN DISTRICT
DOCKET NUMBER...................: DPAE2:22CR000130-001
JUDGE...........................: SURRICK
DATE SENTENCED/PROBATION IMPOSED: 10-22-2024 FED SENT
DATE COMMITTED..................: 02-20-2025
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

1/5/22 - 2/7/22
FED CUSTODY 2/7/22
RELEASED

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $300.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 409 21:841 & 846 SEC 841-851
OFF/CHG: 18:922(G) POSSESSION OF A FIREARM BY A FELON; 21:841(A)(1),
(B)(1)(C) POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED
SUBSTANCES;

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 30 MONTHS
TERM OF SUPERVISION............: 3 YEARS
DATE OF OFFENSE................: 01-05-2022

G0002 MORE PAGES TO FOLLOW . . .

```
  DANDC   540*23 *
 PAGE 002        *             SENTENCE MONITORING                 *      02-26-2025
                                COMPUTATION DATA                   *      13:44:04
                               AS OF 02-26-2025

REGNO..: 84934-509 NAME: VAZQUEZ, JOVANNY


-------------------------CURRENT OBLIGATION NO: 020 ---------------------------
OFFENSE CODE....:  130      18:924(C) FIREARMS LAWS              FSA INELIGIBLE
OFF/CHG: 18:924(C)(1) POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG
         TRAFFICKING CRIME

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO OBLG 010
 DATE OF OFFENSE................: 01-05-2022

-------------------------CURRENT COMPUTATION NO: 010 ---------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-16-2025 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-13-2025 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 12-11-2024
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:    60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 01-05-2022

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    01-05-2024     12-10-2024




G0002        MORE PAGES TO FOLLOW . . .
```